UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY STACY, et al.,

        Plaintiffs,        CIVIL ACTION NO. 07-CV-13327

   vs.        DISTRICT JUDGE JOHN CORBETT O'MEARA

H&R BLOCK TAX SERVICES,   MAGISTRATE JUDGE MONA K. MAJZOUB
INC.,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO QUASH PLAINTIFFS' DEPOSITION NOTICE (DOCKET NO. 35)

     This matter comes before the Court on Defendant's Motion For Protective Order To Quash Plaintiffs' Fed.R.Civ.P. 30(b)(6) Deposition Notice. (Docket no. 35). Plaintiffs filed a response. (Docket no. 38). Defendant filed a reply. (Docket no. 42). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 36). The motion being fully briefed, the Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).

     Plaintiffs Jerry Stacy, Emily Stacy, Theresa Anders, Angela Merrow, AJA Smallwood, Jennifer Tomaszewski, and Cynthia Tluczek, all citizens of Michigan, filed this action in July 2007, alleging that Defendant H & R Block Tax Services negligently hired and failed to manage employee Sophia Quill and failed to protect Plaintiffs' personal information from misuse. The Complaint alleges that H & R Block employee Sophia Quill accessed Plaintiffs' personal information without their authorization and used their information to file fraudulent income tax returns for the 2006 tax year from Quill's H & R Block office located at 12148 Dix-Toledo Road in Southgate, Michigan.

The Complaint further alleges that tax refunds generated by the fraudulent returns were received by Quill at her Southgate office.

On December 8, 2010, before the close of discovery, Plaintiffs served on Defendant a Notice of Deposition setting January 3, 2011 as the date for Defendant's 30(b)(6) deposition. (Docket no. 35, Ex. A). The deposition notice demands that Defendant designate a corporate representative who is qualified to "answer questions regarding identity theft committed at H & R Block locations throughout the country by H & R Block employees." (Docket no. 35, Ex. A). The deposition notice further demands:

> The 30(b)(6) representative will be expected to answer questions regarding identity theft at H & R Block locations throughout the country by H & R Block employees for the period 2001-2010. The 30(b)(6) representative will be expected to answer questions as to the locations of H & R Block offices in which identity theft was committed by H & R Block employees, the number of identity thefts by H & R Block employees from H & R Block information[,] the number of H & R Block customers harmed by the identity theft[,] and the response, remediation, or reparations made by H & R Block to each of the customers of H & R Block victimized by identity theft committed by H & R Block employees. (Docket no. 35, Ex. A).

On December 23, 2010, prior to the scheduled deposition date, Defendant filed the instant motion. In its motion, Defendant seeks a protective order quashing the Rule 30(b)(6) deposition on the grounds that it is overbroad, unduly burdensome, seeks information that is not relevant to Plaintiffs' claims, and serves no legitimate purpose other than to harass and oppress Defendant. In response, Plaintiffs allege in part that evidence concerning the failures of Defendant to protect against identity theft throughout its various offices is crucial to their case and will aid them in establishing the compound failures of Defendant in ensuring the secrecy of Plaintiffs' personal information. They further argue that the deposition is designed to elicit information on a central office maintained by Defendant where information on Defendant's identity theft problems is

allegedly gathered.

Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order for good cause shown to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The Court finds that Plaintiffs' Notice of Deposition is overbroad as to time and scope and not reasonably tailored to matters relevant to this case. Defendant has shown good cause for a protective order quashing the deposition. Accordingly, Defendant's Motion For Protective Order To Quash Plaintiffs' Fed.R.Civ.P. 30(b)(6) Deposition Notice will be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Protective Order To Quash Plaintiffs' Fed.R.Civ.P. 30(b)(6) Deposition Notice is **GRANTED**. Defendant is released of any obligation to comply with the December 8, 2010 Notice of Deposition.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 2, 2011                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 2, 2011                    s/ Lisa C. Bartlett
                                        Case Manager