UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY STACY, *et. al.*,

        Plaintiffs,

Case No. 07-13327

Honorable John Corbett O'Meara

v.

H & R BLOCK TAX SERVICES, INC.,

        Defendant.

_____/

### ORDER DENYING PLAINTIFFS' MOTION TO STAY

      This matter came before the court on Plaintiffs' October 11, 2011 Motion to Stay Post-Judgment Proceedings Pending Appeal. Defendant H & R Block filed a response October 12, 2011. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

      After this court issued an opinion and order August 12, 2011, granting Defendant's motion for summary judgment, Plaintiffs filed notice of appeal. Defendant subsequently secured a bill of costs in the amount of $4,672.69. In their motion for stay, Plaintiffs seek a stay of any effort by the Defendant to collect or execute upon the bill of costs and also a declaration that no bond is necessary for the implementation of the stay.

      Rule 62(d) of the Federal Rules of Civil Procedure provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

      This court has found that the right to an execution stay pending appeal is "expressly contingent upon the posting of a court approved supersedeas bond." Hamlin v. Charter Twp. of Flint, 181 F.R.D. 348, 351 (E.D. Mich. 1998). "Thus, Rule 62 establishes the general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." Id. This general rule exists to protect the non-appealing party "from the risk of a later uncollectible judgment and also provides compensation for those injuries which can be said to be the natural and proximate result of the stay." Id. Therefore, "a full supersedeas bond should almost always be required." Id.

Furthermore, if the court decides "to depart from the usual requirement of a full security supersedeas bond, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." Id.

In this case Plaintiffs ask that the bond not be required because many of the plaintiffs are unemployed and have little or no ability to pay. However, as noted above, the purpose of the bond requirement is to protect the non-moving party from a later uncollectible judgment. Therefore, waving the bond requirement would subject the defendant to the position Rule 62(d) was intended to avoid. Accordingly, the court will deny Plaintiffs' motion for stay without posting the appropriate bond; the court will grant their stay only after Plaintiffs have posted bond.

## ORDER

It is hereby **ORDERED** that Plaintiffs' October 11, 2011 Motion to Stay Post-Judgment Proceedings Pending Appeal is **DENIED.**

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: January 9, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 9, 2012, using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager